UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria D., | File No. 26-cv-1269 (ECT/SGE) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| David Easterwood, *in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, U.S. Immigration and Customs Enforcement*; Todd Lyons, *in his official capacity as Director of U.S. Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; and Pamela Bondi, *in her official capacity as Attorney General of the United States*, | |
| Respondents. | |

Lyndsey Marcelino Schalkwyk and Ji Hae Kim, Marcelino & Kim PC, Minneapolis, MN, for Petitioner Maria D.

Jesus Cruz Rodriguez, United States Attorney's Office, Lawton, OK, and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Todd Lyons, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and Pamela Bondi.

Petitioner Maria D. is an Ecuadorian citizen who entered the United States on or about May 19, 2024. Pet. [ECF No. 1] ¶¶ 1, 10. Maria "presented herself to an immigration official at the border," and "[a]fter brief detention, the government found that [Maria] was neither a danger to the community nor a flight risk." *Id.* ¶ 1. Maria "was released on her

own recognizance with a Notice to Appear for ordinary removal proceedings under 8 U.S.C. § 1229." *Id.* Maria "promptly applied for asylum within one year of entering the country." *Id.* "She does not have a final order of removal against her." *Id.* Maria was arrested by Respondents—or their agents—in St. Paul, Minnesota, on a date that is not specified in the Petition. *Id.* ¶¶ 3, 7. The Petition alleges, "[u]pon information and belief," that "Respondents neither possessed nor presented to her a warrant of any kind, judicial or otherwise, to justify their detention." *Id.* ¶ 4. The Petition alleges, again "upon information and belief," that Maria is being detained in Minnesota, although efforts to determine Maria's exact location have been unsuccessful. *Id.* ¶¶ 5, 7. Respondents do not dispute the Petition's facts. *See* ECF No. 7.

Maria challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 16. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 38–46; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Maria, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment and the Immigration and Nationality Act. *See* Pet. ¶¶ 22–46. Maria also raises *Accardi* Doctrine and Fourth Amendment challenges to her warrantless arrest. *See id.* ¶¶ 47–59. Maria seeks a declaration that her arrest and detention violate the Fifth Amendment, the Fourth Amendment, the Immigration and Nationality Act and its implementing regulations, and the *Accardi* doctrine; issuance of a writ of habeas corpus ordering her immediate release "without restraints on her liberty beyond those that existed prior to her unlawful

re-detention"; issuance of an order directing that Respondents cannot re-detain her without notice and a pre-deprivation hearing; that Respondents be enjoined "from implementing any condition of release"; that her release be in Minnesota with conditions to ensure her safety and provide advance notice to counsel and the return of her personal effects; that the Court retain jurisdiction to decide any future motion for attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." Pet. at 16–17.

Recognizing that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that Maria's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 7 at 2. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Maria has shown she has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v.*

---

[1] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Maria's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

*Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Maria has lived in the United States for over a year, Pet. ¶ 1, and I find her detention falls under § 1226(a) and not § 1225(b)(2).[2]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to

---

[2]  Respondents do not argue that Maria is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Maria's detention.  *See* ECF No. 7.

justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). The Petition alleges that Maria was arrested without a warrant. Pet. ¶ 4. Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Maria's] arrest necessitates [Maria's] immediate release." ECF No. 3 at 2. Respondents have not produced any warrant, nor have they advanced any specific argument that Maria's release is an unwarranted remedy. *See* ECF No. 7.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at

5

*11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Maria's Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.      Respondents shall release Petitioner from custody as follows:

        a.      If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

---

[3]     The resolution of this statutory-interpretation question in Maria's favor makes it unnecessary to address the Petition's remaining grounds.

b.      If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 12, 2026, at 4:50 p.m.          s/ Eric C. Tostrud
                                                                        Eric C. Tostrud
                                                                        United States District Court